**LANCASTER et al. v. BOSTON STORE et al.**
**(No. 86.)**

(Court of Civil Appeals of Texas. Eastland.
Jan. 29, 1926. Rehearing Denied
April 2, 1926.)

Carriers &76—Allegation and proof of carrier, in action against one to whom it had misdelivered goods, held not to warrant recovery, in absence of showing of mistake or fraud, or authority by shipper to bring suit.

Although carrier had reimbursed shipper for misdelivered goods, petition and proof of carrier, in action against one receiving goods, failing to show mistake or fraud, or that shipper had authorized carrier to bring suit against party receiving goods, *held* not to warrant recovery.

Error from Eastland County Court, at Law; Joe H. Jones, Judge.

Action by J. L. Lancaster and others against the Boston Store and others. Judgment for defendants on directed verdict, and plaintiffs bring error. Affirmed.

Conner & McRae, of Eastland, for plaintiffs in error.

L. R. Pearson, of Ranger, and Burkett, Orr & McCarty, of Eastland, for defendants in error.

LITTLER, J. The essential facts involved in this case are as follows:

A case of dry goods, to the amount of $422.75, was purchased from Higginbotham, Bailey, Logan Company of Dallas, Tex., with instuctions to ship same to the Boston Store at Breckenridge, Tex. These goods were delivered to the receivers of the Texas & Pacific Railway Company, for shipment on the 17th of August, 1920, being shipped to Eastland through error. From Eastland they were reshipped to Ranger, Tex., P. O. address, Necessity, Tex. At Ranger the goods were delivered to J. I. Cole, who was in the business of hauling goods from Ranger to Necessity, and who had often hauled goods

before for the Baron Bros., who run the Boston Store at Necessity. This case of goods was delivered to said Boston Store by J. I. Cole and received by one of the Barons, who paid Cole for the hauling of same. Subsequently Higginbotham, Bailey, Logan Company were informed that these goods were never delivered and placed a claim with the receivers of the Texas & Pacific Railway Company in the amount of $422.75, the purchase price of the goods. This amount having been paid said shippers by the receivers of the Texas & Pacific Railway Company, they have brought this suit for said amount against the Boston Store of Necessity, I. Baron and J. Baron, as partners in said business enterprise, and J. I. Cole.

Defendants answered by general demurrer, general denial, and a plea of two years' limitation. The case was tried before a jury, but when the plaintiffs in error had put on their testimony, the court submitted to the jury a peremptory instruction to find for the defendants in error as follows:

"Gentlemen of the jury, you are instructed to return the following verdict: 'We, the jury, find in favor of the defendants. D. J. Jobe, Foreman of the Jury.'"

The undisputed testimony in this case shows that the shipment was delivered to the Texas & Pacific Railway Company by Higginbotham, Bailey, Logan Company, and was by said railway company transported to Eastland, Tex., and was rebilled from Eastland, Tex., to Ranger, Tex., with instructions to notify the Boston Store at Necessity; that the plaintiffs in error delivered said goods to J. I. Cole at Ranger, Tex., who was authorized by the Boston Store at Necessity to receipt for said goods; that the said J. I. Cole delivered said goods to the Boston Store at Necessity, and was paid for such service by a Mr. Baron, who was a brother to the Mr. Baron, who was present in the courtroom during the trial.

From what has been said it is evident that there is only one question for this court to decide, and that is as to whether the petition alleges facts sufficient to support cause of action, and, if so, do the proven facts support the allegations in the petition.

Plaintiff alleges that Higginbotham, Bailey, Logan Company sold to the Boston Store at Necessity the bill of goods in question; that the same was delivered to plaintiff; and that plaintiff delivered said shipment to J. I. Cole who in turn delivered same to the Boston Store at Necessity. Plaintiffs' own testimony shows that the goods were shipped from Dallas to Eastland and reshipped by plaintiffs' agent at Eastland to Ranger with instructions to notify the Boston Store at Necessity.

There is neither allegation in petition nor proof that defendants represented to either

---

plaintiffs or Higginbotham, Bailey, Logan Company that the goods had not been received.

We are unable to see any allegation or proof showing, or tending to show, mistake or fraud in the delivery of said goods by plaintiff Boston Store at Necessity; neither is there any allegation or proof showing that Higginbotham, Bailey, Logan Company had assigned their claim to plaintiff; hence in the absence of mistake or fraud, we are unable to see that plaintiff had any authority to bring suit against the Boston Store at Necessity or Baron Bros.; hence we conclude that the court did not err in peremptorily instructing the jury to bring in a verdict for defendants.

Judgment of the lower court is affirmed.